**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

        v.                                        07-CR-229-A
**ORDER**

JOSE SANTIAGO,

        Defendant.

_____

On June 10, 2008, the Court sentenced the Defendant to 188 months' imprisonment and five years' supervised release following his plea of guilty to one count of possessing with intent to distribute 500 grams or more of cocaine.

The Defendant has since filed a *pro se* motion for reconsideration of the Court's sentence. The Defendant's motion is based on his wife's pending deportation, which the Defendant states will leave his son—who requires special medical attention—without appropriate care. The Defendant also points to lifestyle changes he has made since he has been incarcerated.

Although the Court is sympathetic to the Defendant's situation, and while his efforts towards rehabilitation are commendable, the Court lacks authority to grant the Defendant's request. With few exceptions, a federal district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). None of § 3582(c)'s exceptions apply in this case: the Director of the Bureau of Prisons has not moved to reduce the Defendant's sentence due to "extraordinary and compelling reasons" (§ 3582(c)(1)(A)(i)); the Government has not filed a post-sentence Rule 35 motion based on the Defendant's substantial assistance (§ 3582(c)(1)(B)); and the U.S. Sentencing

Commission has not amended the Sentencing Guidelines in a way that would entitle the Defendant to a sentence reduction (§ 3582(c)(2)).

Thus, the Court lacks authority to reduce the Defendant's sentence. The Defendant's motion is therefore denied.

**SO ORDERED.**

Dated: May 4, 2018                                  __s/Richard J. Arcara__
    Buffalo, New York                       HONORABLE RICHARD J. ARCARA
                                                            UNITED STATES DISTRICT JUDGE